IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| H-D U.S.A., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-10096 |
| | ) | |
| v. | ) | **Judge John Robert Blakey** |
| | ) | |
| GUANGZHOU TOMAS CRAFTS CO., LIMITED, et al., | ) | **Magistrate Judge Sheila Finnegan** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
MODIFY THE PRELIMINARY INJUNCTION ORDER AND TO LIFT ASSET FREEZE**

Plaintiff H-D U.S.A., LLC ("Harley-Davidson" or "Plaintiff"), by its counsel, hereby submits the following response in opposition to Defendant bg27cyf's ("Defendant") Motion to Modify the Preliminary Injunction Order and to Lift Asset Freeze [111].

**I.  BACKGROUND AND INTRODUCTION**

Harley-Davidson filed its Amended Complaint [11] in this Case on October 28, 2016, seeking, among other relief, an accounting of Defendant's profits and damages. On November 3, 2016, this Court properly entered a Temporary Restraining Order ("the TRO"), including an asset restraint on funds in PayPal accounts linked to Defendant ("Defendant's PayPal Account") to preserve Harley-Davidson's right to an equitable accounting. [26] at ¶ 7. Defendant has since admitted that it offered for sale and sold products using counterfeit Harley-Davidson trademarks through its eBay Internet store bg27cyf (the "Defendant Internet Store"), and Plaintiff's Motion for Summary Judgment [99] is fully briefed. [115] at p. 8; [116] at ANSWERS to ¶ 2, 4.

Defendant now seeks to dissolve the asset restraint, with a Motion [111] that is supported only by demonstrably false, self-serving sworn statements in a declaration. For example,

1

Defendant has sworn under oath that "[n]one of the $165,000 currently on deposit in Defendant's Pay Pal account is derived from the sale of products bearing the Harley-Davidson trademark or logo in the United States." [111-1] at ¶ 5. However, transaction logs from Defendant's PayPal account produced by PayPal show over 24,000 transactions totaling over $650,000[1] for products with "Harley" in the item title. Additionally, and as laid out in Harley-Davidson's pending Motion to Compel [135], Defendant has refused to produce documents relating to those 24,000 transactions or identify other Internet stores that it used to sell counterfeit products.

Courts have regularly denied similar attempts by counterfeiters to dissolve asset restraints based on an unverified, purported sales accounting – this Court should do the same. *See River Light V, L.P., et al. v. Zhangyali, et al.*, No. 15-cv-05918 (N.D. Ill. Sept. 9, 2015) (Docket No. 46) (denying motion to reduce asset restraint against China based Internet store offering for sale counterfeit Tory Burch products); *Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *13-15 (N.D. Ill. June 18, 2015) (granting summary judgment, declining to modify the asset restraint, and awarding $150,000 in statutory damages); *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y. August 8, 2014) (Docket No. 213) (reinstating asset restraint for $5 million against Internet store selling counterfeit products after discovery determined that sales existed beyond those reported in the spreadsheets created to support a motion contesting an asset restraint).

## II. ARGUMENT

The asset restraint remains proper because Defendant is likely to dissipate any assets in the United States and the balance of harms continues to favor Harley-Davidson. Harley-Davidson has not waived its claim for an accounting of profits by asking for statutory damages in

---

[1] Defendant's PayPal Account holds funds in multiple currencies, which were converted into United States dollars for this approximate figure.

its pending Motion for Summary Judgment [99].  Moreover, Defendant has not met its burden to present documentary proof that the assets in Defendant's PayPal Accounts are not the proceeds of counterfeiting activities.  *N. Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist. LEXIS 14226, at *11 (N.D. Ill. Mar. 30, 2006).

> **A. The Asset Restraint Remains Appropriate Since Defendant Is Likely to Dissipate Assets Outside of the United States and the Balance of Harms Continues to Favor Plaintiffs**

As this Court correctly found in entering the TRO [26] and Preliminary Injunction [37], the balance of harms has not changed and continues to favor Harley-Davidson.  Defendant has failed to identify any U.S. based assets and is likely to swiftly move its assets outside of the United States if the asset restraint is lifted.  Without the asset restraint, Harley-Davidson would be prevented from realizing its right to an equitable accounting of Defendant's profits and would be irreparably harmed.  In contrast, the potential harm to Defendant is purely monetary, and only for a finite period of time.  Defendant does not have a legitimate interest in profits from the sale of Counterfeit Harley-Davidson Products.  Likewise, as a willful counterfeiter, Defendant should be given little equitable consideration.  In assessing the risk of irreparable harm to Defendant, the Court should "exclude[] any burden it voluntarily assumed by proceeding in the face of a known risk."  *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, 2016 U.S. Dist. LEXIS 144660, at *28.

Further, Defendant does not show that the restraint of Defendant's PayPal Account has affected the operation of its eBay store.  Defendant's PayPal Account has been restrained since November 2016, but this Motion [111] was not filed until seven months later.  Defendant claims "[w]ith its Pay Pal account frozen, bg27cyf is struggling to stay in business and to even pay its attorneys for its defense in this lawsuit" ([111-1] at ¶ 8), but failed to provide any documents

supporting this statement. [133-4]. Accordingly, the balance of harms continues to favor Harley-Davidson with respect to the asset restraint.

**B. Harley-Davidson Has Not Abandoned Claim to Accounting of Profits by Requesting Statutory Damages.**

Harley-Davidson's Amended Complaint [11] included, among other relief, a claim for an accounting of Defendant's profits and damages. An accounting of profits is an equitable remedy. *Reebok, Int'l, Ltd. v. Marnatech Enters.*, 970 F.2d 552, 559 (9th Cir. 1992). Courts have found also that the inclusion of a claim for damages does not make the remedies sought wholly legal and not equitable. *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005) ("[w]e acknowledge that the SEC also seeks the legal remedy of civil damages. But, the asset freeze is justified as a means of preserving funds for the equitable remedy of disgorgement. We do not believe that the inclusion of a claim for civil penalty damages makes the remedies sought wholly legal and not equitable."). Defendant argues that Harley-Davidson's request for an award of statutory damages in its Motion for Summary Judgment [99] requires the dissolution of the freeze on Defendant's PayPal Account. Defendant cites *Grupo Mexicano De Desarrollo v. Alliance Bond Fund* for this argument, however, *Grupo Mexicano* held that a court is not permitted to freeze a defendant's assets solely to preserve a plaintiff's right to recover damages. 527 U.S. 308, 333 (1999). Unlike *Grupo Mexicano*, Plaintiff continues to seek both equitable and legal remedies pending a ruling on the pending Motion for Summary Judgment.

**C. Defendant Has Not Met Its Burden to Reduce the Asset Restraint.**

Defendant has not met its burden to present documentary proof that the assets in Defendant's PayPal Account are not the proceeds of counterfeiting activities. *See N. Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist. LEXIS 14226, at *11 (N.D. Ill. Mar. 30, 2006). Defendant states without documentary support that "[n]one of the $165,000 currently on

deposit in bg27cyf's Pay Pal account is derived from the sale of products in the United States bearing the Harley-Davidson trademark of logo." [111-1] at ¶ 5. However, as detailed above and in Harley-Davidson's pending Motion to Compel [132], Defendant has failed to produce sufficient documentation relating to each transaction constituting the funds currently frozen in Defendant's PayPal Account. [132] at pp. 3-5. Transaction logs of Defendant's PayPal Account show over 24,000 transactions totaling over $650,000 for products with "Harley" in the item title. Declaration of Allyson Martin at ¶ 2.[2] Defendant failed to produce records relating to these transactions, including images of each product sold and the date of each transaction.

Defendant argued in its Response to Harley-Davidson's Motion to Compel [135] that the products in these transactions were sold by other eBay stores using the same PayPal account as Defendant. First, Defendant refuses to disclaim ownership of these "other" stores and fails to disclose the identity of these other stores that allegedly used the same PayPal account. Regardless, if the other stores are really not operated by Defendant, then there is no basis for its sworn statement "that **none** of the funds in Defendant's PayPal Account" (including those now alleged to be from transactions involving "other internet stores") were derived from the sale of products bearing the Harley-Davidson trademark or logo. [111-1] at ¶ 5.

Further, Defendant's supplemental production only contained documents relating to ten (10) transactions, whereas the PayPal transaction logs identified over 24,000 transactions with "Harley" in the item title. [135-1] at pp. 11-20. Each document shows a PayPal summary of ten transactions, with a transaction ID number and seller name emphasized. *Id*. Defendant's explanation that the 24,000 transactions were from other stores is suspect given that Defendant

---

[2] These logs were also submitted as Exhibit 1 to the Declaration of Jessica Bloodgood [127] in connection with Harley-Davidson's Reply in Support of its Motion for Summary Judgment [125], but are being filed herewith for the Court's convenience. Harley-Davidson is also submitting a declaration of Custodian of Records of PayPal Inc. regarding these transaction logs as Exhibit 2 to the Declaration of Allyson Martin.

apparently has access to these PayPal summaries and these other stores use the same PayPal account to receive money. Since Defendant cannot support its statements that none of the funds in Defendant's PayPal Account are the proceeds of counterfeiting activities, Defendant has not met its burden.

> **D. It Is Premature for This Court to Dissolve or Reduce the Asset Restraint Without Credible, Sufficient Documentary Proof or Discovery.**

At a minimum, it would be premature for this Court to consider Defendant's request to dissolve or reduce the asset restraint given Defendant's incomplete document production. Defendant is a willful counterfeiter that, by its very nature, is out to deceive. This is evident through Defendant's continued representations that it "has not made any actual sale in the United States of the [Counterfeit Harley-Davidson Product]" ([117] at ¶ 5), or that "[n]one of the $165,000 currently on deposit in bg27cyf's Pay Pal account is derived from the sale of products in the United States bearing the Harley-Davidson trademark of logo" ([111-1] at ¶ 5), despite the transaction logs of Defendant's PayPal Account showing otherwise. This is also evident through Defendant's representation that none of the funds in Defendant's PayPal Account are the proceeds of counterfeiting activities, despite its later contradictory statements that some of the transactions in Defendant's PayPal Account were not made by Defendant, but by other stores. Theoretically, Defendant would have no way of knowing whether these transactions were related to the sale of Counterfeit Harley-Davidson Products.

The record of *Klipsch Group, Inc. v. Big Box Store Ltd.* is also particularly instructive here to illustrate that Defendant's representations of minimal counterfeit sales are inherently suspect. In *Klipsch Group,* an asset restraint was reduced based on the defendant's showing that there were minimal sales of accused goods sold into the United States. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y.) (Docket No. 31). However, the Court in *Klipsch*

*Group* later found that the defendant had engaged in extensive willful spoliation of evidence, including deliberate wiping and erasure of sources of electronically stored information and deliberate destruction of electronic files. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y. August 8, 2014) (Docket No. 213). Namely, in initially reducing the asset restraint, the Court relied on spreadsheets created specifically for the litigation showing minimal sales of counterfeit products, crediting the declaration of the defendant's CEO for the good faith of the submission. *Klipsch Group, Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 149507, at *7-8 (S.D.N.Y. Oct. 11, 2012). However, defendant's subsequent production of documents revealed that sales existed beyond those reported in the spreadsheets, as purchase orders that were produced were not reflected in the spreadsheets and defendant continued to sell counterfeit products after previously represented dates. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y. August 8, 2014) (Docket No. 250). The Court subsequently increased the asset restraint to $5,000,000. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y. August 8, 2014) (Docket No. 213).

As *Klipsch Group* illustrates, it is premature for this Court to dissolve or reduce the asset restraint, and this Court should not credit any sales representations made by Defendant given Defendant's incomplete document production and contradictory statements.

## **CONCLUSION**

Accordingly, for the reasons stated herein, as well as in Harley-Davidson's Motion to Compel and Extend Response Deadline, or Alternatively, to Suspend Briefing of and Strike or Deny Defendant's Motion to Modify the Preliminary Injunction Order and to Lift Asset Freeze [132], Harley-Davidson respectfully requests that this Court deny Defendant bg27cyf's Motion to Modify the Preliminary Injunction Order and to Lift Asset Freeze [111]

Dated this 5th day of September 2017.  Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff H-D U.S.A., LLC*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff H-D U.S.A., LLC*